**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

BRIAN CUNHA,

               Plaintiff,

v.                                                      Case No.: 1:25-cv-00198

CEASAR N. ANQUILLARE,
WINCHESTER CAPITAL
INVESTMENTS, LLC,

               Defendants.

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING MEDIATION

Defendants Ceasar N. Anquillare ("Mr. Anquillare") and Winchester Capital Investments, LLC ("WCI") (collectively, the "Defendants"), respectfully move pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, and for good cause shown, for a stay of discovery up to and including the termination of the stay of proceedings currently in place in this action. Defendants state the following in support.

1.      On May 5, 2025, Plaintiff Brian Cunha ("Plaintiff") commenced suit by filing a Verified Complaint (ECF No. 1) and contemporaneously sought a Writ for Issuance of Prejudgment Attachment (ECF No. 2, hereafter "PJR Application").

2.      Defendants responded by opposing Plaintiff's PJR Application (ECF No. 8) and moving to dismiss Plaintiff's Verified Complaint for lack of personal jurisdiction (ECF No. 18).

3.      On July 8, 2025, the parties appeared before this Court for an initial status conference during which the parties agreed to mediate prior to adjudication of Defendants' Motion

to Dismiss and Plaintiff's Motion for Issuance of Writ of Prejudgment Attachment.  The case was referred to United States Magistrate Judge Patricia A. Sullivan for a settlement conference.

4.      On July 24, 2025, Plaintiff served two sets of Requests for Production. Plaintiff's First Set of Requests for Production sought certain financial information about the underlying account in dispute, such as tax-related forms and account statements.  Plaintiff's Second Set of Requests for Production sought discovery related to personal jurisdiction.

5.      Plaintiff's discovery requests were propounded in violation of Rule 26(d)(1) of the Federal Rule of Civil Procedure, which states "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)". Fed. R. Civ. P. 26(d)(1). (As of the filing of this motion, the parties have not engaged in a Rule 26(f) conference; however, the parties are scheduled to do so on September 5, 2025.)

6.      Although Plaintiff's First Set of Discovery was premature, Defendants served Responses and Objections on August 7, 2025, and made two productions.

7.      On August 21, 2025, the parties appeared before Magistrate Judge Sullivan for a pre-mediation conference.  From the discussion that occurred at the conference, Defendants understood that the parties would seek a stay of proceedings in this matter which would stay the litigation as a whole at least through the mediation on September 15, 2025, including a stay of motion practice *and* discovery.

8.      Despite this, Plaintiff now maintains that a stay should enter only with respect to his response to Defendants' Motion to Dismiss and not with respect to Plaintiff's Second Set of Requests for Production, through which Plaintiff seeks jurisdictional discovery.

9.      On August 27, 2025, Defendants served Objections to Plaintiff's Second Set of Requests for Production, objecting, *inter alia*, on the grounds that: (a) the requests were

2

propounded in violation of Rule 26(d)(1), which states "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"; (b) the requests were propounded without leave of Court, which is required to serve jurisdictional discovery in the District of Rhode Island. *See Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 128 (1st Cir. 2022) (Jurisdictional discovery is not available on demand. Instead, a plaintiff who seeks jurisdictional discovery must make a colorable claim of jurisdiction and must show that it 'has been diligent in preserving [its] rights to be entitled to jurisdictional discovery.'") (quoting *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 617 (1st Cir. 2001)); (c) the requests are overly broad, unduly burdensome; and (d) that Defendants understood that the parties agreed before Magistrate Judge Sullivan to stay the entire action, including discovery.

10.    On August 29, 2025, the parties filed a Joint Motion to Stay Pending Mediation (ECF No. 24). The joint motion, which was granted via text order on September 2, 2025, notes the parties' disagreement as to the scope of the stay.

11.    Defendants respectfully move for a stay of discovery to supplement the limited stay of proceedings now in effect.  The discovery stay is limited in duration and tailored to the timing of the mediation.  The requested stay would avoid the wasteful expense of resources on both sides, and effectuate the spirit of the discussions before Magistrate Judge Sullivan.  Defendants therefore respectfully ask this Court to stay discovery in this action at least through the mediation scheduled for September 15, 2025 or until the mediation is terminated in the event the parties fail to resolve the dispute.  *See Charlene Liberty v. Rhode Island Dep't of Corr.*, No. CV 19-573-JJM-PAS, 2022 WL 18024627, at *4 (D.R.I. Dec. 30, 2022)(citing *Backowski v. PeopleConnect, Inc.*, Case No. C21-0115RAJ, 2022 WL 1092519, at *2 (W.D. Wash. Apr. 12, 2022) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay

of an action before it, pending resolution of independent proceedings which bear upon the case.")

(internal quotation marks omitted).

12.    In connection with the Joint Motion to Stay, the parties exchanged emails regarding

a stay of discovery through which Plaintiff, through counsel, indicated his objection.

13.    Defendants request oral argument.

WHEREFORE, Defendants respectfully request a stay of all discovery in this action

through the mediation scheduled for September 15, 2025 or until the mediation is terminated in

the event the parties fail to resolve the dispute.

Respectfully submitted,

By:  /s/ Brian E. Spears
Brian E. Spears, *Pro Hac Vice*
Armel L. Jacobs, *Pro Hac Vice*
SPEARS MANNING & MARTINI LLC
2425 Post Road, Suite 203
Southport, CT  06890
Telephone:  (203) 292-9766
Email:  bspears@spearsmanning.com
          ajacobs@spearsmanning.com


By: /s/ *Justin T. Shay, Esq.*
Justin T. Shay, Esq. (#278)
Cameron & Mittleman LLP
301 Promenade Street
Providence, RI 02908
Telephone: (401) 331-5700
Facsimile: (401) 331-5787
Email: jshay@cm-law.com


Dated:  September 3, 2025

**CERTIFICATION**

I hereby certify that a copy of the foregoing was served by electronic mail on this 3rd day of September, 2025 to the following:

Robert M. Duffy
Eric E. Renner
Duffy & Sweeney, Division of Stevens & Lee
321 South Main Street
Suite 400
Providence, RI 02903
401-455-0700
Fax: 401-455-0701
Email: rduffy@duffysweeney.com
erenner@duffysweeney.com
eric.renner@stevenslee.com
robert.duffy@stevenslee.com


/s/ Brian E. Spears
Brian E. Spears

P:\DOCS\WINCP\50216\PLEADINGS\2JL3976.DOCX